IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN JOHN BROKAW,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. 3:21-cv-00371-SMY |
| **ILLINOIS DEPARTMENT OF HUMAN SERVICES, and GRACE B. HOU,** | ) ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benjamin John Brokaw filed this civil rights lawsuit alleging deprivations of his constitutional rights. Plaintiff is being held at Chester Mental Health Center, but has not apprised the Court as to his status (civil detainee, pre-trial detainee, or prisoner). Regardless of his status, Plaintiff is proceeding *in forma pauperis* (Doc. 11) and therefore, the Court must conduct a preliminary review of the Complaint. *See* 28 U.S.C. §§ 1915A, 1915(e)(2). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On more than one occasion since 2016, Plaintiff has been held for too long at Chester Mental Health Center. He is currently at Chester Mental Health Center and they have not given him a release date. He has also been held at Chicago Reed Hospital and Chicago Madden Hospital. Plaintiff's constitutional rights were violated in many ways by the people at the various hospitals. He was physically and mentally abused in violation of the Eighth Amendment.

## Discussion

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Id.* at 555. Further, because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Merely listing a defendant in the case caption is not enough to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Here, Plaintiff does not mention any defendant by name in his statement of claim nor does he describe what each defendant allegedly did or failed to do to violate his constitutional rights. He makes only conclusory allegations of violations of his constitutional rights, which is insufficient to state a claim. As such, the Complaint fails to state a claim upon which relief can be granted and will be dismissed without prejudice. Plaintiff will, however, be granted leave to file a First Amended Complaint to re-plead his claims. If Plaintiff chooses to file a First Amended Complaint, he should apprise the Court of his status as a civil detainee, pre-trial detainee, or prisoner.

## Disposition

Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon

which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint **within thirty days of the date of this Order**. The First Amended Complaint will be subject to review. Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-371). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.** *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 16, 2021**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**