IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN JOHN BROKAW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00371-SMY |
| | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **HUMAN SERVICES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benjamin John Brokaw filed this civil rights lawsuit alleging deprivations of his constitutional rights. The Complaint was dismissed at screening for failure to state a claim for relief. (Doc. 16). Plaintiff subsequently filed a First Amended Complaint (Doc. 17), which is now before the Court for preliminary review.[1] Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

## Discussion

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Additionally, a plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer

---

[1] Plaintiff is being held at Chester Mental Health Center, but has not apprised the Court as to his status (civil detainee, pre-trial detainee, or prisoner). Regardless of his status, Plaintiff is proceeding *in forma pauperis* (Doc. 11) and therefore, the Court must conduct a preliminary review of the First Amended Complaint. *See* 28 U.S.C. §§ 1915A, 1915(e)(2).

the Complaint. *Id.* at 555. And, because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). Merely listing a defendant in the case caption is not enough to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff's Complaint was dismissed at screening because he did not mention any defendant by name in his statement of claim and did not describe what each defendant allegedly did, or failed to do, to violate his constitutional rights. (Doc. 16). Plaintiff's First Amended Complaint (Doc. 17) suffers from the same deficiencies and, therefore, also fails to state a claim for relief.

Due to the pleading deficiencies, the First Amended Complaint will be dismissed. Plaintiff will be granted leave to file a Second Amended Complaint but should take heed of the Court's instructions in this Order.[2] Further, if Plaintiff chooses to file a Second Amended Complaint, he is once again instructed to apprise the Court of his status as a civil detainee, pre-trial detainee, or prisoner.[3]

## Disposition

The First Amended Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a Second Amended Complaint **on or before AUGUST 19, 2021**. The Second Amended Complaint will be subject to review.

---

[2] In the First Amended Complaint, Plaintiff seeks to bring claims against the Defendants for violations of the state mental health code. Section 1983 protects plaintiffs from constitutional violations, not violations of state laws or departmental regulations. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003). If Plaintiff wishes to proceed in this Court under 42 U.S.C. § 1983, he must identify a violation of his *federal* constitutional rights.

[3] Plaintiff states he needs access to his original copies and statements. He does not, however, explain why he does not have access to the referenced documents or what relief he seeks from the Court in that regard.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (No. 21-371). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the Second Amended Complaint must stand on its own, without reference to any previous pleading.

**If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for**

3

**failure to prosecute his claims.** *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** July 20, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

4