IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN JOHN BROKAW,** ) | |
| **#859107,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-00371-SMY |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **HUMAN SERVICES,** ) | |
| **GRACE B. HOU,** ) | |
| **TRAVIS NOTTMEIR,** ) | |
| **DR. GOYAL,** ) | |
| **REX FIELDS,** ) | |
| **DR. SOBUT,** ) | |
| **LILY ALEX,** ) | |
| **DR. VALLABHANENI,** ) | |
| **MEGAN STEWART,** ) | |
| **PATRICIA HUDSON,** ) | |
| **MADDEN SECURITY STAFF,** ) | |
| **GRETCHEN JOHNSON,** ) | |
| **RAYMELLE SCHOOS,** ) | |
| **CHICAGO REED SECURITY STAFF,** ) | |
| **CHUCK STIAVA,** ) | |
| **JAQUELYN ACKERT, and** ) | |
| **MATT KLAHN,** ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Benjamin John Brokaw filed the instant lawsuit alleging deprivations of his constitutional rights. The Complaint and First Amended Complaint were dismissed at screening for failure to state a claim for relief. (Docs. 16, 18). Plaintiff subsequently filed a Second Amended Complaint (Doc. 17), which is before the Court for preliminary review.[1] Any portion

---

[1] Plaintiff is proceeding *in forma pauperis* (Doc. 11) and therefore, the Court must conduct a preliminary review of the First Amended Complaint. *See* 28 U.S.C. § 1915(e)(2).

of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 19159(e)(2).

**Preliminary Dismissals**

Plaintiff names the Illinois Department of Human Services as a defendant, which is a state government agency not subject to suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). As such, the Illinois Department of Human Services will be dismissed.

Plaintiff names States Attorney Klahn as a defendant but there are no allegations against him.  Under Federal Rule of Civil Procedure 8, a Complaint must include a short, plain statement of the case against each individual.  Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a §1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation").  Absent any allegations describing what Klahn allegedly did or failed to do in violation of Plaintiff's constitutional rights, a claim cannot proceed against him.  Therefore, he will be dismissed.

**Discussion**

Plaintiff asserts claims that allegedly occurred while he was incarcerated at three different mental health facilities – John J. Madden Mental Health Center (the "Madden MHC" claims), Chicago Read Mental Health Center (the "Read MHC" claims), and Chester Mental Health Center, (the "Chester MHC" claims).  He also asserts a claim against Judge Jaquelyn Ackert regarding his

order of civil commitment in the Lee County Circuit Court ("commitment claim").[2] As a result, the Court must determine whether the claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607. Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The commitment claim, Madden MHC claims, Read MHC claims, and the Chester MHC claims involve different defendants, separate transactions and occurrences, and arose at different facilities. Accordingly, consistent with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the Court will sever the claims into separate actions. The Second Amended Complaint will be subject to review under 28 U.S.C. § 1915(e)(2) in the newly severed cases.

**Severed case #1** will include the commitment claim against Judge Ackert.

**Severed case #2** will include the Read MHC claims against Read Defendants Rex Fields, Dr. Sobut, Lily Alex, Chicago Read Security Staff John Does, Dr. Chuck Stiava, and Dr. Goyal. Because Plaintiff alleges Defendant Grace Hou acted and conspired with the Read Defendants, she will be included in severed case #2.

**Severed case #3** will include the Madden MHC claims against Madden Defendants

---

[2] Plaintiff previously filed a petition for writ of habeas corpus in this Court, SDIL Case No. 3:19-cv-01031-SMY, in which he alleged he is civilly committed based on an Order in Lee County Circuit Court.

Patricia Hudson and the Madden Security Staff John Does.

The claims remaining in this case are the Chester MHC claims against Chester Defendants Travis Nottmeir, Dr. Vallabhaneni, Megan Stewart, Gretchen Johnson, and Dr. Raymelle Schoos. The Court will enter a separate screening order for those claims.

## Disposition

The Illinois Department of Human Services and States Attorney Matt Klahn are **DISMISSED** without prejudice.

The commitment claim against Judge Ackert is **SEVERED** into **SEVERED CASE #1**.

The Read MHC claims against Read Defendants Rex Fields, Dr. Sobut, Lily Alex, Chicago Read Security Staff John Does, Dr. Chuck Stiava, and Dr. Goyal are **SEVERED** into **SEVERED CASE #2**. Because Plaintiff alleges Defendant Grace Hou acted and conspired with the Read Defendants, she will be included in **SEVERED CASE #2**.

The Madden MCH claims against Madden Defendants Patricia Hudson and the Madden Security Staff John Does are **SEVERED** into **SEVERED CASE #3**.

In the newly severed cases, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order; and
- The Second Amended Complaint (Doc. 19).

The Clerk of Court shall **TERMINATE** Defendants Judge Jaquelyn Ackert, Rex Fields, Dr. Sobut, Lily Alex, Chicago Read Security Staff John Does, Dr. Chuck Stiava, Dr. Goyal, Grace Hou, Patricia Hudson, and the Madden Security Staff John Does from this action.

The Chester MHC claims against Chester Defendants Travis Nottmeir, Dr. Vallabhaneni, Megan Stewart, Gretchen Johnson, and Dr. Raymelle Schoos remain in this case.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  September 16, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**