IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN JOHN BROKAW, #859107, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 3:21-cv-00371-SMY ) |
| TRAVIS NOTTMEIR, DR. VALLABHANENI, MEGAN STEWART, GRETCHEN JOHNSON, and RAYMELLE SCHOOS, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benjamin John Brokaw filed the instant lawsuit alleging deprivations of his constitutional rights. The Complaint and First Amended Complaint were dismissed at screening for failure to state a claim for relief. (Docs. 16, 18). Plaintiff subsequently filed a Second Amended Complaint (Doc. 17) and the Court entered an Order pursuant to Federal Rules of Civil Procedure 20 and 21 severing claims into separate lawsuits (Doc. 20, "Severance Order"). The Chester MHC claims remaining in this lawsuit are now before the Court for preliminary review.[1] Any portion of the Second Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915(e)(2).

### Second Amended Complaint

Plaintiff alleges Defendants Nottmeir, Dr. Vallabhaneni, Stewart, Johnson, and Schoos are

---

[1] Plaintiff is proceeding *in forma pauperis* (Doc. 11) and therefore, the Court must conduct a preliminary review of the Second Amended Complaint. *See* 28 U.S.C. § 1915(e)(2).

"responsible for slander and libel" at Chester MHC for putting false and slanderous information in his chart from 2016 to 2021.

## Discussion

Plaintiff's claims for "slander and libel" are state law tort claims. When a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Here, because there are no allegations stating a colorable constitutional claim cognizable via a § 1983 action, the Court does not have original jurisdiction.

Plaintiff will be granted leave to file a Third Amended Complaint. **This will be Plaintiff's final opportunity to state a viable claim.** In that vein, Plaintiff is reminded that following the Severance Order, only claims regarding federal constitutional violations and any related state law claims arising while he has been committed at Chester MHC remain in this case.

## Disposition

The Second Amended Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a Third Amended Complaint on or before OCTOBER 18, 2021. The Third Amended Complaint will be subject to review under § 1915(e)(2).

Should Plaintiff file a Third Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Third Amended Complaint" and use the case number for this action (No. 21-371). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each

defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how …."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the Third Amended Complaint must stand on its own, without reference to any previous pleading.

If Plaintiff fails to file his Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court of any change in his address; the Court will not independently investigate his whereabouts.

This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 16, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**