IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN JOHN BROKAW,** **#859107,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 3:21-cv-00371-SMY ) |
| **TRAVIS NOTTMEIR,** **DR. VALLABHANENI,** **MEGAN STEWART,** **GRETCHEN JOHNSON, and** **RAYMELLE SCHOOS,** | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff Benjamin John Brokaw filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint, First Amended Complaint, and Second Amended Complaint were dismissed at screening for failure to state a claim for relief. (Docs. 16, 18, 21). Plaintiff was granted leave to file a Third Amended Complaint by October 18, 2021 and was warned that failure to do so would result in dismissal with prejudice for failure to state a claim for relief, failure to comply with a court order, and/or for failure to prosecute his claims. (Doc. 21). The deadline to file a Third Amended Complaint has passed and Plaintiff has not filed the pleading or requested an extension.

Accordingly, this case is **DISMISSED without prejudice**[1] for Plaintiff's failure to state a claim for relief, failure to comply with the Court's Order, and failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34

---

[1] Because Plaintiff alleged state law claims in his Second Amended Complaint, the case is dismissed without prejudice so that he is free to pursue such claims in state court.

F.3d 466 (7th Cir. 1994).  Because the Complaint failed to state a claim upon which relief may be granted, Plaintiff is notified that **the dismissal will count as a strike for purposes of 28 U.S.C. 1915(g)**.  The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed.R.App.P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* Fed.R.App.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the appeal is found to be nonmeritorious, Plaintiff may incur a strike under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus any balance on the filing fee remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  October 27, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**